IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Apollo Education Group Incorporated, et al., | No. CV-15-00143-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Nicholas Henry, on behalf of minor child P.H., | |
| Defendant. | |

This action is before the Court on Defendant's Motion to Dismiss (Doc. 9). Plaintiffs have filed a Response (Doc. 10) and Defendant has filed a Reply (Doc. 11). The Court has also considered Defendant's Notice of Supplemental Authority in Support of Motion to Dismiss (Doc. 12), Plaintiffs' Response (Doc. 13) thereto, and Defendant's Reply (Doc. 14).

**I. Background[1]**

Plaintiffs Apollo Education Group, Inc. and Apollo Group, Inc. Health and Welfare Plan initiated this action by filing a Complaint against Defendant Nicholas Henry, the father of minor child P.H., on January 27, 2015. Plaintiffs' health care plan (the "Plan") provides health care benefits to its participants and is an employee welfare benefit plan as defined by the Employment Retirement Income Security Act of 1974

---

[1] The summary of facts set forth in the background section is derived from the factual allegations in Plaintiffs' Complaint (Doc. 1), unless otherwise indicated.

("ERISA"), 29 U.S.C. § 1001 *et seq*. At all relevant times, Defendant Nicholas Henry was a participant in the Plan and P.H. was a covered dependent under the Plan.

On October 12, 2013, P.H. was injured in an accident involving an all-terrain vehicle. (Doc. 1 at 2). As of the date of the Complaint, the Plan had paid approximately $48,000.00 for medical expenses P.H. incurred as a result of the accident. (*Id.*). Following the accident, P.H. reached settlements with third parties and/or their insurers totaling at least $125,000.00 for injuries and damages resulting from the accident. (*Id.*). Because P.H. is a minor, any settlements are contingent upon approval by the Probate Court. (*Id.*).

Plaintiffs assert that the terms and conditions of the Plan are set forth in the Master Plan Document entitled The Apollo Group, Inc. Health and Welfare Plan. (Doc. 1 at 3). Additionally, the Master Plan Document includes several other documents, referred to as "Incorporated Documents." (*Id.*). Among the "Incorporated Documents" is the "Summary Plan Description" ("SPD"). (*Id.*). Plaintiffs assert that "[a]s an incorporated document, the terms and conditions of the SPD are incorporated into the Plan and made a part thereof." (*Id.*).

Plaintiffs contend that a provision in the SPD requires a covered person whose medical expenses for an injury are paid under the Plan to reimburse the Plan if he or she receives compensation from a third party who caused the injury. (*Id.*). On January 10, 2014, Plaintiffs notified Defendant of their claim for reimbursement of medical expenses paid on behalf of P.H. for injuries sustained in the accident. (*Id.*). Plaintiffs seek reimbursement from the proceeds of the settlement agreements between P.H. and the responsible third parties. (Doc. 1 at 4). Plaintiffs allege that Defendant refuses to recognize the right to reimbursement under the Plan for the medical expenses paid on P.H.'s behalf. (*Id.*).

. . . .

. . . .

. . . .

1     Based on these facts, Plaintiffs raise three causes of action. In Count One, Plaintiffs raise a claim for equitable relief under 29 U.S.C. § 1132(a)(3)(B) to enforce the terms of the Plan. (Doc. 1 at 4-5). They contend that under the terms of the Master Plan Document, Defendant promised to reimburse the Plan if recovery was obtained from a third party. Plaintiffs allege that based on the terms of the Plan, they have an equitable lien by agreement for no less than $47,930.87, which they are entitled to enforce.

    In Count Two, Plaintiffs seek injunctive relief pursuant to 29 U.S.C. § 1132(a)(3)(A). (Doc. 1 at 5-6). Plaintiffs request an injunction enjoining Defendant from disbursing settlement funds received from third parties. Plaintiffs claim the funds should be ordered set aside and preserved to protect their right to reimbursement under the Plan.

    In Count Three, Plaintiffs seek declaratory relief. (Doc. 1 at 6-7). Plaintiffs allege that a dispute exists between them and Defendant regarding proper interpretation and application of the Plan. Plaintiffs therefore seek a declaration of rights, responsibilities and obligations under the Plan.

    For relief, Plaintiffs seek equitable relief in the form of enforcement of their reimbursement rights under the Plan, injunctive and declaratory relief as noted above, and an order for damages in the amount of $47,930.87 for Defendant's alleged breach of the agreement to reimburse Plaintiffs. (Doc. 1 at 7-8). Plaintiffs further seek reasonable costs and reasonable attorneys' fees, pre and post-judgment interest, and any other appropriate relief.

**II. Discussion**

    Defendant argues this action should be dismissed because the applicable "written instrument" of the Plan, created pursuant to 29 U.S.C. § 1102 of ERISA, does not contain any subrogation/reimbursement provisions. Defendant contends that Plaintiffs' argument for reimbursement relies instead on the SPD, which, according to Defendant, is not a binding contract and its statements do not constitute terms of the Plan. Defendant argues therefore that Plaintiffs' claims for reimbursement must be dismissed.

. . . .

Plaintiffs argue in response that because the SPD here was clearly incorporated into the Plan, the relevant subrogation and reimbursement provisions in the SPD are fully enforceable. Plaintiffs claim that "the authority is clear that ERISA plans may, and often do, incorporate external documents into the master plan document, as was done here." (Doc. 10 at 1).

### A.     Legal Standards for Failure to State a Claim Under Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citation omitted). A complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That tenet, however, does not

apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

## B. Analysis

Defendant asserts two legal arguments to support its contention that Plaintiffs' claims for reimbursement are subject to dismissal. Defendant first argues that Plaintiffs are not entitled to reimbursement because the Plan's written instrument does not contain a reimbursement provision. Second, Defendant argues that Plaintiffs are not entitled to reimbursement because the written instrument and the SPD are in conflict on the issue of reimbursement, and under the terms of the Plan, the written instrument controls.

"Every employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1); *Pisciotta v. Teledyne Industries*, 91 F.3d 1326, 1329 (9th Cir. 1996). Additionally, an employer must provide "[a] summary plan description [("SPD")] of any employee benefit plan . . . to participants and beneficiaries" of the plan. 29 U.S.C. § 1022(a); *Pisciotta*, 91 F.3d at 1329. The SPD is the "statutorily established means of informing participants of the terms of the plan and its benefits." *Almont Ambulatory Surgery Center v. UnitedHealth Group, Inc.,* 99 F.Supp.3d 1110, 1159 (C.D. Cal. 2015) (internal quotations and citations omitted). The SPD must "be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a). "An employee benefit plan under ERISA can be comprised of more than one document" and "may incorporate other formal or informal documents . . . ." *Gonzales v. Unum Life Ins. Co. of America*, 861 F.Supp.2d 1099, 1107 (S.D. Cal. 2012) (citations omitted).

Under former Ninth Circuit case law, an SPD was considered "a plan document that ought to be considered when interpreting an ERISA plan." *Almont,* 99 F.Supp.3d at 1159-1160. However, a recent decision by the Supreme Court, *CIGNA Corporation v. Amara,* 563 U.S. 421 (2011), "has shifted the landscape." *Id.* at 1160. In *Amara*, the Court held that "summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the

1   *terms* of the plan for purposes of" an enforcement action. *Amara,* 563 U.S. at 438
2   (emphasis in original). "The syntax of [the ERISA SPD] provision, requiring that
3   participants and beneficiaries be advised of their rights and obligations 'under the plan,'
4   suggests that the information *about* the plan provided by those disclosures is not itself
5   *part* of the plan." *Id.* at 436 (citing 29 U.S.C. § 1022(a)) (emphasis in original). Thus,
6   under *Amara*, only the plan documents, not the SPD, contain the enforceable terms of the
7   benefit plan. *Mull v. Motion Picture Industry Health Plan*, 51 F.Supp.3d 910, 919 (C.D.
8   Cal. 2014).
9       *Amara's* reach, however, is not without limits. In a recent Ninth Circuit case
10  applying *Amara,* the Court explained:

> [I]t bears observing that *Amara's* holding assumes the existence of both an SPD *and* a written plan instrument. That is, *Amara* addressed only the circumstance where both a governing plan document *and* an SPD existed, and the plan administrator sought to enforce the SPD's terms *over* those of the plan document.

15  *Prichard v. Metropolitan Life Ins. Co.*, 783 F.3d 1166, 1170 (9th Cir. 2015) (emphasis in
16  original). Indeed, the Court went on to note that "since *Amara*, several federal courts
17  have stated that an SPD may constitute a formal plan document consistent with *Amara*,
18  so long as the SPD neither adds to nor contradicts the terms of existing Plan documents."
19  *Id.* (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1131 (10th
20  Cir. 2011) ("We interpret *Amara* as presenting either of two fairly simple propositions,
21  given the factual context of the case: (1) the terms of the SPD are not enforceable when
22  they conflict with governing plan documents, or (2) the SPD cannot create terms that are
23  not also authorized by, or reflected in, governing plan documents. We need not
24  determine which is the case here, though, because the SPD does not conflict with the Plan
25  or present terms unsupported by the Plan; rather, it is the Plan.")).
26  . . . .
27  . . . .
28  . . . .

1    Here, as noted above, the terms and conditions of the Plan are set forth in the
2 Master Plan Document entitled The Apollo Group, Inc. Health and Welfare Plan. (Doc. 1
3 at 3). There appears to be no dispute that this Master Plan Document constitutes the
4 "written instrument" pursuant to which the Plan was established and is maintained. *See*
5 29 U.S.C. § 1102(a)(1). The Master Plan Document expressly incorporates several other
6 documents, including the SPD. There also appears to be no dispute that the
7 subrogation/reimbursement provision upon which Plaintiffs base their claims for relief
8 appears only in the SPD and not in the Master Plan Document itself or any of the other
9 incorporated documents.

10   In his first argument, Defendant contends that after *Amara*, incorporating an SPD
11 as part of the written instrument is not permitted by ERISA. (Doc. 9 at 6). Defendant
12 argues that *Amara* clearly delineated the differences between the written instrument and
13 the SPD and held that given the statutory purpose of the SPD, it cannot be considered
14 part of the written instrument. Defendant concedes that a written instrument need not be
15 limited to one document and that other documents may be incorporated into a written
16 instrument. (Doc. 11 at 1). He argues, however, that in light of *Amara*, an SPD is not
17 among the documents that can be incorporated.

18   However, as referenced above, less than eight months ago in *Prichard,* the Ninth
19 Circuit recognized a limitation to the holding in *Amara* – that it "addressed only the
20 circumstance where both a governing plan document and an SPD existed, and the plan
21 administrator sought to enforce the SPD's terms *over* those of the plan document."
22 *Prichard*, 783 F.3d at 1170 (9th Cir. 2015). It did not address the circumstance where the
23 SPD is itself the written instrument or, as here, where the SPD is explicitly incorporated
24 into the written instrument. Moreover, the Court explained that other federal courts since
25 *Amara* have also apparently recognized this limitation and determined that "an SPD may
26 constitute a formal plan document consistent with *Amara*, so long as the SPD neither
27 adds to nor contradicts the terms of existing Plan documents." *Id.* (citing *Eugene S.,* 663
28 F.3d at 1131; *see also Noah U. v. Tribune Company Medical Plan and Blue Cross Blue*

*Shield of Illinois*, 2015 WL 5999897, at *7 (C.D. Cal. Oct. 7, 2015) ("Notwithstanding *Amara*, courts have found that SPDs and other documents may constitute Plan documents where they are incorporated by reference.").

Thus, the Court is skeptical of Defendant's first argument that under no circumstances may an SPD be incorporated into a written instrument. However, the Court need not decide that issue in this case. Instead, the Court finds that Defendant is entitled to relief based on his second argument that the written instrument and the SPD are in conflict with regard to the issue of reimbursement.

Defendant contends that where the Plan's written instrument conflicts with the SPD, the written instrument controls. Defendant points out that the language of the SPD itself states that the written instrument "will control in the event of any conflict between the provisions of the Plan and this SPD." (Doc. 9-3 at 7).

Plaintiffs argue in response that the conflict provision of the SPD does not apply because "no conflict exists." (Doc. 10 at 8). Plaintiffs contend that because the SPD was incorporated into and made part of the Master Plan Document, its terms have become enforceable parts of the Plan. Therefore, according to Plaintiffs, the reimbursement provision in the SPD has become part of the Master Plan Document through incorporation. Based on this reasoning, Plaintiffs characterize Defendant's position as "claiming that the Plan somehow conflicts with itself." (Doc. 10 at 9).

The Court is not persuaded. The conflict provision in the SPD itself undermines Plaintiffs' argument. The language of the provision signals that the SPD is distinct from, and not on equal footing with, the Master Plan Document. *See Noah U.*, 2015 WL 5999897, at *8 (recognizing that a similar conflict provision suggests the SPD "is something other than a "Plan document."). In the event of a conflict, the Master Plan Document controls, not the SPD.[2] If, as Plaintiffs contend, the SPD and the Master Plan

---

[2] The SPD in *Prichard* also contained a similar provision, stating that "official plan documents … remain the final authority" and "shall govern" in the event of a conflict between the SPD and the official plan documents. *Prichard*, 783 F.3d at 1171. The Court partially relied on this provision to conclude that the SPD was "not part of the Plan's 'written instrument.'" *Id.*

- 8 -

Document have become one in the same through incorporation, there would be no need for a conflict provision like the one in the SPD. There would never be a conflict because the Master Plan Document, having fully incorporated the SPD's terms, could not conflict with itself. Thus, by including the conflict provision in their SPD, Plaintiffs implicitly recognize that the SPD retains its separateness from, and is less authoritative than, the Master Plan Document.

Having determined the Master Plan Document and SPD are not one in the same, the Court next considers whether the documents conflict. As noted, the Master Plan Document contains no reimbursement provision. (Doc. 9-2 at 2-26). Consequently, under its terms, Defendant is not required to reimburse Plaintiffs the nearly $50,000 in medical expenses paid on his child's behalf. The SPD on the other hand, contains the following reimbursement provision:

> The right to reimbursement means that if a third party causes a sickness or injury for which you receive a settlement, judgment, or other recovery, you must use those proceeds to fully return to the Medical Plan 100% of any benefits you received for that sickness or injury.

(Doc. 9-3 at 108). Thus, under the SPD, Defendant is required to reimburse Plaintiffs for the medical expenses paid. The Court, therefore, has no difficulty finding a significant conflict between the terms of the Master Plan Document and the SPD with respect to reimbursement.

The Court further finds that in light of the conflict, the terms of the Master Plan Document control. *See, e.g., Prichard*, 783 F.3d at 1131 (holding that where written instrument conflicted with SPD, the written instrument controlled); *Eugene S.,* 663 F.3d at 1131 (interpreting *Amara* to hold that "the terms of the SPD are not enforceable when they conflict with governing plan documents); *Mull*, 51 F.Supp.3d at 919 (holding that a reimbursement provision in an SPD is not enforceable because the provision was not included in the formal plan document). Because there is no reimbursement provision in the Master Plan Document, Defendant is not required to reimburse Plaintiffs for the medical expenses paid on his child's behalf. Plaintiffs' action for reimbursement must

- 9 -

1 therefore be dismissed.

2     Accordingly,

3     **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**.

4     **IT IS FURTHER ORDERED** that this action is **DISMISSED** and the Clerk of Court shall enter judgment accordingly.

6     **Dated** this 17th day of December, 2015.

                          Honorable Diane J. Humetewa
                           United States District Judge